UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00309-FDW

| MONIQUE SWEETING, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| WELLS FARGO BANK, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 3) filed pursuant to 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. The Court issued an order, in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), informing Plaintiff or her right to respond and the burden she carried in responding to Defendant's motion to dismiss.[1] (Doc. No. 4). Plaintiff responded, and Defendant replied (Doc. No. 6). This matter is now ripe for ruling. For the reasons that follow, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

Plaintiff initiated this action by filing a complaint on May 5, 2017, against Defendant "Wells Fargo Bank" in state court, specifically in the General Court of Justice, District Court

---

[1] The Fourth Circuit did not hold in <u>Roseboro</u> that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in <u>Roseboro</u> regarding notice was directed to summary judgment motions. See <u>Roseboro v. Garrison,</u> 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also <u>Norman v. Taylor,</u> 25 F.3d 1259, 1261 (4th Cir. 1994) ("In <u>Roseboro v. Garrison,</u> 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue <u>Roseboro</u> notices for motions to dismiss, and the Court did so here.

Division, County of Mecklenburg. (Doc. No. 1-2). Plaintiff had Civil Summons in this action issued to "Wells Fargo Bank, 8740 Research Dr., Charlotte NC 28262." (Doc. No. 1-2, p. 2). The record indicates Plaintiff attempted to serve a copy of her initial pleadings via Certified Mail, by mailing the documents to "Wells Fargo Bank, 8740 Research Dr., Charlotte NC 28262." (Doc. No. 1-2, p. 6). The record also indicates the Summons and Complaint made their way to Defendant's legal department via "Interoffice Delivery" several weeks after Plaintiff had filed her complaint. (Doc. No. 1-2, p. 7). Defendant subsequently removed this action from state court to this Court on the basis of federal question jurisdiction. (Doc. No. 1). Defendant now moves to dismiss based on deficient service of process.

## STANDARD OF REVIEW

Defendant argues the Court should dismiss the complaint because of insufficient process pursuant to Federal Rule of Civil Procedure 12(b)(4) and insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), and, consequently, lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Under these rules, "the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003).

Service of process in this case is controlled by North Carolina law. Fed.R.Civ.P. 4(e) ("[A]n individual ... may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made...."); Fed.R.Civ.P. 4(h) (applying Fed.R.Civ.P. 4(e)(1) to service on corporate defendants). Service on corporate defendants may be effectuated

by sending the summons and complaint by certified mail addressed to "the officer, director or agent to be served." N.C. Gen. Stat. § 1A-1; N.C. R. Civ. P. 4(j)(6)(c).

> The proper methods of service on corporations are to either (1) "deliver a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," or (2) follow the state law rules for effecting service. Fed.R.Civ.P. 4(h)(1). The North Carolina Rules of Civil Procedure provide that corporations should be served by delivering or mailing a copy of the summons and of the complaint to either "an officer, director, or managing agent of the corporation," someone who appears to be in charge of that person's office, or to the person authorized to accept service for the corporation. N.C. R. Civ. P. 4(j)(6).

Brown v. Blue Cross and Blue Shield of North Carolina, 226 F.R.D. 526, 528 (M.D.N.C. 2004).

Where service of process has given the defendant actual notice of the litigation, "the rules, in general are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984); see also Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 2011) ("The provisions of [Rule 4] should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits.").

This, however, does not give the Court license to ignore the plain requirements for the means of effecting service of process contained in the rules. See id. Under North Carolina law, "a plaintiff who fails to comply with [service of process statutes], even where actual notice occurs, does not properly serve the defendant." Shaver v. Cooleemee Volunteer Fire Dep't., No. 1:07-cv-175, 2008 WL 942560, at *2 (M.D.N.C. 2008) (citing Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 614 S.E.2d 378, 382 (N.C. Ct. App. 2005); Greenup v. Register, 410 S.E.2d 398, 400 (N.C. Ct.

3

App. 1991); Broughton v. Dumont, 259 S.E.2d 361, 363 (N.C. Ct. App. 1979)). Although Plaintiff is proceeding pro se, she is held to the same standards regarding service of process:

> The filing of a lawsuit is a serious event.... Service rules are structured to ensure due process and uniformity in the application of procedures which alert those receiving a corporation's mail that the enclosed lawsuit demands prompt attention. These rules apply equally to litigants proceeding with or without counsel. Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred.

*5 Shaver, No. 1:07-cv-175, 2008 WL 942560, at *2 (citing Stack, 614 S.E.2d at 382; Hoyle v. United Auto Workers Local Union 5285, 444 F.Supp.2d 467, 474 (W.D.N.C. 2006)). The Supreme Court has explained the Rules of Civil Procedure apply to all parties before the Court, including pro se litigants in civil cases:

> Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), and have held that some procedural rules must give way because of the unique circumstance of incarceration, see Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner's notice of appeal deemed filed at time of delivery to prison authorities), *we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.* As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980).

McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993) (emphasis added). Bearing these principles in mind, the Court turns to the merits of Defendant's arguments.

ANALYSIS

Here, Defendant argues personal jurisdiction is lacking because Plaintiff failed to properly serve Defendant. The burden to prove that process has been executed in accordance with Rule 4 of the Federal Rules of Civil Procedure is on Plaintiff. Plant Genetic Systems v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996).

The uncontested record shows Plaintiff neither addressed the Summons and Complaint to nor attempted to serve process upon an appropriate officer, director, managing agent, or authorized agent of Defendant Wells Fargo Bank. Indeed, Plaintiff failed to designate any individual in the summons to be served on Defendant's behalf. Summons issued to a corporation without the identification of an officer, director, or managing or authorized agent is defective on its face. Lane v. Winn-Dixie Charlotte, Inc., 609 S.E.2d 456, 460 (N.C. Ct. App. 2005) ("A review of the summons demonstrates that plaintiffs failed to designate any person authorized by Rule 4(j)(6) to be served on behalf of the corporate defendant in violation of the clear requirements of the rule. Accordingly, the summons was defective on its face.").

Similarly, without directing that service be made on a specific person, Plaintiff's purported service on "Wells Fargo Bank" fails to comply with the service requirements of Rule 4(j) of the Federal Rules of Civil Procedure. Moreover, although Rule 4(j) also permits service "in the manner prescribed by [North Carolina] law for serving a summons or other like process upon any such defendant," Plaintiff did not comply with the applicable North Carolina law for the same reasons. See N.C. R. Civ. P. 4(j)(6).

In light of the insufficient process and insufficient service of process, this Court never obtained personal jurisdiction over Defendant. See, Mabee v. Onslow Cnty. Sheriff's Dep't, 620

S.E.2d 307, 308 (N.C. Ct. App. 2005) (affirming dismissal of complaint because "This Court has unequivocally stated that when a statute prescribes the manner for proper notification, the summons must be issued and served in that manner. The requirements regarding adequate service of process must be construed strictly and the prescribed procedure must be followed strictly such that if the necessary procedures are not adhered to there is no valid service. Finally, although defective service may be sufficient to give the party actual notification of the proceedings, such actual notice does not give the court jurisdiction over the party. (quotations and citations omitted)), disc. rev. denied, 629 S.E.2d 854 (N.C. 2006).

For the reasons above, the Court grants the motion to dismiss the complaint pursuant to Rule 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. See Faircloth v. Sampson Cty. Sch., No. 7:10-CV-29-D, 2010 WL 5173601, at *1–2 (E.D.N.C. Dec. 10, 2010) (dismissing complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5)).

## CONCLUSION

This court is mindful of the requirement that pro se filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir. 1994). Nonetheless, Plaintiff has offered the court no explanation for the deficiencies raised by Defendant; nor has Plaintiff requested additional time to cure the defects noted herein.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 3) is GRANTED, and this matter shall be dismissed without prejudice.

IT IS SO ORDERED.

Date Signed: September 7, 2017

*[signature]*
Frank D. Whitney
Chief United States District Judge